**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDOLPH L. MOORE,<br>Petitioner,<br>vs.<br>RENEE BAKER, *et al.*,<br>Respondents. | 2:13-cv-0655-JCM-CWH<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Randolph L. Moore, a Nevada prisoner under sentence of death. Before the court is a motion for stay filed by Moore, requesting that this case be stayed pending his exhaustion of claims in state court. The court will grant that motion, and stay this case.

Moore, along with one of his co-defendants, Dale Flanagan, was convicted of murder and sentenced to death for killing Flanagan's grandparents, Carl and Colleen Gordon, in Las Vegas. The Gordons were found dead on November 6, 1984. Carl, a fifty-eight year old air traffic controller, had been shot seven times in the back and chest, and Colleen, a fifty-seven year old housewife, had been shot three times in the head. *See Flanagan v. State,* 104 Nev. 105, 107, 754 P.2d 836, 837 (1988). The State's theory was that Moore, Flanagan, and four other co-defendants killed the Gordons so that Flanagan could obtain insurance proceeds and an inheritance under his grandparents' will. *See id*.

After protracted appellate and state-court post-conviction proceedings -- including two retrials -- Moore initiated this federal habeas corpus action, and filed a pro se habeas petition, on April 18, 2013 (ECF No. 1). The Federal Public Defender was appointed to represent Moore, and, with counsel, on August 7, 2013, Moore filed an amended habeas petition (ECF No. 15). Before respondents responded to the amended petition, Moore filed his motion for stay (ECF No. 23) on August 23, 2013. Respondents' response to the amended petition was then suspended, pending resolution of that motion. *See* Minute Order entered September 5, 2013 (ECF No. 27). Respondents filed an opposition to the motion for stay on October 11, 2013 (ECF No. 29); Moore filed a reply on October 31, 2013 (ECF No. 30).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

Moore concedes in his amended petition that three of his claims are fully unexhausted in state court, and that six are partially unexhausted. Amended Petition (ECF No. 15), pp. xv-xix. Thus, Moore's amended petition is a mixed petition – it contains both exhausted and unexhausted claims. In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that federal district courts may not adjudicate mixed habeas corpus petitions. *Lundy*, 455 U.S. at 518-19. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) preserved the total exhaustion requirement of *Lundy* (*see* 28 U.S.C. § 2254(b)(1)(A)), but also imposed a one-year statute of limitations on the filing of federal habeas petitions (*see* § 2244(d)).

Because of the interplay between AEDPA's statute of limitations and the dismissal requirement established in *Lundy*, petitioners who come to federal court with "mixed" petitions run

the risk of losing their opportunity for federal review of their unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review."). To solve that problem, the Court in *Rhines* condoned the "stay-and-abeyance" procedure, whereby the district court, rather than dismiss the mixed petition, stays the case and holds it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Id*. at 276. The Court cautioned, however, that stay and abeyance, if too frequently used, would undermine AEDPA's goals of prompt resolution of claims and deference to state court rulings. *Id*. Thus, the Court held that, in order to obtain "stay and abeyance," a petitioner must show: (1) good cause for the failure to exhaust claims in state court; (2) that unexhausted claims are potentially meritorious; and (3) the absence of abusive tactics or intentional delay. *Id*.; *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

Relying on *Rhines*, Moore requests that this action be stayed while he exhausts his unexhausted claims in state court. Moore focuses, in his motion for stay, on Claims 1, 6 and 12 of his amended habeas petition. In Claim 6, Moore claims that his constitutional rights were violated when the prosecution "knowingly presented impeachable and false testimony in each of his trials and failed to disclose exculpatory information about the creation of that testimony." Amended Petition, p. 129. More specifically, Claim 6 is based on allegations that the prosecution committed numerous acts of misconduct in obtaining and presenting the testimony of one of its key witnesses, Angela Saldana. *Id.* at 129-52. Relying on *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), and *Strickler v. Greene*, 527 U.S. 263 (1999), Moore argues that there is good cause for his failure to exhaust Claim 6 because evidence of the misconduct was withheld by the State and only recently unearthed. *See* Motion for Stay (ECF No. 23), pp. 12-14.

*Rhines* does not go into detail as to what constitutes good cause for failure to exhaust; and, the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *See Jackson*, 425 F.3d at 661-62 (citing *NLRB v. Zeno*

*Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979)). Many district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. *See*, *e.g.*, *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (applying Supreme Court's mandate on remand). This view finds support in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. *Pace*, 544 U.S. at 416-17. On other hand, interpreting "good cause" too broadly militates against the Supreme Court's admonition that stay and abeyance should only be available in "limited circumstances." *See Wooten v. Kirkland,* 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting *Rhines*, 544 U.S. at 277).

*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements before a stay is permitted. If a stay is warranted with respect to a single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims. Moore bases his motion for stay on three unexhausted claims, one of them being Claim 6. The court finds that Moore has made a sufficient showing of good cause, under *Rhines,* with respect to his failure to exhaust Claim 6.

With respect to the "potentially meritorious" inquiry, the standard approximates the standard that applies when the court decides whether to deny an unexhausted claim under 28 U.S.C. § 2254(b)(2). *See Rhines*, 544 U.S. at 277. In both instances, the objective is to preserve the principle of comity while preventing the waste of state and federal resources that occurs when a petitioner is sent back to state court to litigate a clearly hopeless claim. *Cf. Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Thus, Moore should not be prevented from returning to state court unless "it is perfectly clear that [he] does not raise even a colorable federal claim." *Id*.

The allegations supporting Claim 6, if taken as true, arguably present a meritorious challenge to his conviction or sentence. Moore contends that the State failed to disclose material evidence that would have undermined the credibility of a witness that testified against him, and that the State

knowingly offered false or misleading testimony and evidence. Claim 6 contains factual allegations sufficient to raise colorable grounds for relief under *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). Because the claim provides Moore with at least some chance of habeas relief, Claim 6 satisfies the "potentially meritorious" standard in *Rhines*.

Lastly, there is no indication that Moore has intentionally engaged in dilatory litigation tactics.

Having met the requirements under *Rhines* with regard to Claim 6, Moore has shown that a stay is warranted to allow him to complete state court proceedings before moving forward with this federal habeas action. The court will, therefore, grant Moore's motion and stay this case.

In exercising its discretion to grant the stay, the court takes into account *Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997) (in Nevada capital cases, ineffective assistance of post-conviction counsel may be good cause for failure to present claim in prior state habeas proceeding), under which, it appears, there is at least a possibility that the Nevada courts may consider, on their merits, Moore's unexhausted claims, including the unexhausted claim set forth in Claim 6.

The court's intention is that this will be the last time that it imposes a stay to facilitate Moore's exhaustion of claims in state court. Moore must exhaust all of his unexhausted claims in state court during the stay of this action imposed pursuant to this order.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay and Abeyance (ECF No. 23) is **GRANTED**. This action is **stayed** to allow petitioner to exhaust, in state court, all his unexhausted claims for habeas corpus relief.

**IT IS FURTHER ORDERED** that, on or before December 15, 2013, petitioner shall file and serve a status report, describing the status of his state-court proceedings. Thereafter, during the stay of this action, petitioner shall file such a status report every 6 months (on or before June 15, 2014; December 15, 2014; etc.). Respondents may, if necessary, file and serve a response to any such status report within 15 days after its service. If necessary, petitioner may reply within 15 days of service of the response.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days from the date this order is entered to initiate the appropriate state court proceeding, if he has not yet done so. Following the conclusion of state court proceedings, petitioner shall, within 30 days, make a motion to lift the stay.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

Dated this 21st day of November 2013.

UNITED STATES DISTRICT JUDGE