UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDOLPH L. MOORE, | Case No. 2:13-cv-00655-JCM-DJA |
| Petitioner, | |
| v. | ORDER |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

I.    SUMMARY

This action is a petition for writ of habeas corpus by Randolph L. Moore, a Nevada prisoner sentenced to death. The case is before the Court with respect to a motion to dismiss filed by Respondents, and a related motion for leave to conduct discovery and motion for evidentiary hearing filed by Moore. In the motion to dismiss, Respondents assert that claims in Moore's second amended habeas petition are barred by the statute of limitations, unexhausted in state court, procedurally defaulted, unripe, and not cognizable. The Court will grant the motion to dismiss in part and deny it in part. The Court will dismiss certain of Moore's claims as barred by the statute of limitations. The Court determines that all of Moore's claims either exhausted or technically exhausted. The Court elects not to reach the question of the procedural default of individual claims, or the questions of ripeness, or cognizability of claims, on this motion to dismiss. The Court will deny Moore's motion for leave to conduct discovery and motion for evidentiary hearing. The Court will set a schedule for the respondents to file an answer.

1

II.     BACKGROUND

In October 1985, a jury in Nevada's Eighth Judicial District Court (Clark County) found Moore and co-defendant Dale Edward Flanagan guilty of several felony counts, including two counts of first-degree murder with use of a deadly weapon. ECF No. 16-1, pp. 25–33. The conviction resulted from the murder of Flanagan's grandparents, Carl and Colleen Gordon, in Las Vegas. The Gordons were found dead on November 6, 1984. Carl, a fifty-eight-year-old air traffic controller, had been shot seven times in the back and chest, and his wife, Colleen, fifty-seven years old, had been shot three times in the head. *See Flanagan v. State*, 104 Nev. 105, 107, 754 P.2d 836, 837 (1988). The State's theory was that Moore, Flanagan, and four others killed the Gordons so that Flanagan could obtain insurance proceeds and an inheritance under his grandparents' will. *See id*. The jury imposed two sentences of death on each of Moore and Flanagan. *Id*. The judgment of conviction was entered on December 18, 1985. ECF No. 88-17.

Moore and Flanagan appealed. ECF Nos. 117 (notice of appeal), 2-1, pp. 2–48 (Moore's opening brief). On May 18, 1988, the Nevada Supreme Court affirmed the convictions but reversed the death sentences on account of prosecutorial misconduct and remanded for a new penalty hearing. *Flanagan v. State*, 104 Nev. 105, 754 P.2d 836 (1988); *Moore v. State*, 104 Nev. 113, 754 P.2d 841 (1988).

The second penalty hearing again resulted in death penalties for Moore and Flanagan. ECF No. 92-5, p. 3. The judgment of conviction was filed on July 31, 1989. ECF No. 16-3. Moore and Flanagan appealed. ECF Nos. 16-3, p. 40 (notice of appeal), 16-4 (Moore's opening brief). On April 30, 1991, the Nevada Supreme Court affirmed. *Flanagan v State*, 107 Nev. 243, 810 P.2d 759 (1991). However, the United States Supreme Court subsequently granted certiorari, vacated the judgment, and remanded to the Nevada Supreme Court for reconsideration in light of *Dawson v. Delaware*, 503 U.S. 159 (1992), due to evidence presented at the second penalty hearing regarding the defendants' occult beliefs and activities. *See Flanagan v. Nevada*, 503 U.S. 931 (1992). On remand, the Nevada Supreme Court found admission of the disputed evidence

unconstitutional and remanded to the state district court for a third penalty hearing. *Flanagan v. State*, 109 Nev. 50, 846 P.2d 1053 (1993).

In May 1995, before the third penalty hearing commenced, Moore and Flanagan filed habeas petitions. The state district court denied those petitions. The third penalty hearing was held in June 1995. The jury imposed two death sentences upon each of Moore and Flanagan for a third time. ECF No. 102-4. The judgment of conviction was filed on July 11, 1995. ECF No. 16-9, pp. 30–33. Moore and Flanagan appealed. ECF Nos. 102-7 (notice of appeal), 16-10 (Moore's opening brief).

The Nevada Supreme Court consolidated the direct appeals and the appeals from the denials of habeas relief for both defendants, and, on December 20, 1996, affirmed the convictions and sentences and the denial of habeas relief. *Flanagan v. State*, 112 Nev. 1409, 930 P.2d 691 (Nev. 1996). Moore filed a petition for writ of certiorari in the United States Supreme Court, and the Supreme Court denied that petition on April 20, 1998. *Moore v. Nevada*, 523 U.S. 1083 (1998).

On June 2, 1998, Moore filed a post-conviction habeas corpus petition (referred to in this order as the first state habeas action). ECF No. 16-12, pp. 4–13. Moore filed a supplemental petition on May 2, 2003. ECF Nos. 16-13, 16-14, 16-15. On January 23, 2006, the court filed an order granting Moore relief from the death penalties under *McConnell v. State*, 120 Nev. 1043, 102 P.3d 606 (2004) (holding it impermissible to base aggravating circumstances on felonies on which felony murder theory is predicated). ECF No. 104-16. On March 21, 2006, the court filed an order denying other claims made by Moore. ECF No. 105-1. The State appealed and Moore cross-appealed. ECF Nos. 105-2 (notice of appeal), 2-3, pp. 2–97 (Moore's opening brief). On April 23, 2008, the Nevada Supreme Court reversed the district court's grant of penalty-phase relief and remanded for the district court to consider whether the jury's consideration of erroneous aggravating circumstances was harmless beyond a reasonable doubt. ECF No. 2-3, pp. 99–119. On January 15, 2010, the state district court filed an order denying Moore's petition. ECF No. 105-17. Moore appealed. ECF

1   Nos. 105-16 (notice of appeal), 2-4 (Moore's opening brief). The Nevada Supreme

2   Court affirmed on August 1, 2012. ECF No. 18, pp. 2–21. The Nevada Supreme Court

3   denied motions for rehearing and limited remand on September 19, 2012. ECF No. 18,

4   pp. 36–38. The remittitur issued on October 15, 2012. ECF No. 113-3.

5        Moore then initiated this federal habeas action by filing a pro se habeas petition

6   on April 18, 2013. ECF No. 1. After counsel was appointed (ECF No. 6), Moore filed an

7   amended habeas petition on August 7, 2013. ECF No. 15. Shortly thereafter, Moore

8   filed a motion for a stay of this action to allow him to further exhaust claims in state

9   court. ECF No. 23. This Court granted that motion, and this action was stayed on

10  November 21, 2013. ECF No. 31.

11       Moore initiated a second state habeas action, in the state district court, on

12  September 19, 2013. ECF No. 60-2. That court denied the petition in a written order

13  filed on August 27, 2014. ECF No. 112-4. Moore appealed. ECF Nos. 112-5 (notice of

14  appeal), 60-1 (opening brief). The Nevada Supreme Court affirmed on May 17, 2018.

15  *Moore v. State*, 134 Nev. 262, 417 P.3d 356 (2018).

16       Moore then filed a motion to vacate the stay of this action (ECF No. 48), and the

17  Court granted that motion on February 5, 2019. ECF No. 51. Moore filed his second

18  amended petition—now his operative petition—on July 15, 2019. ECF No. 59. Moore's

19  second amended petition includes the following claims of violations of his federal

20  constitutional rights (characterized here as in the table of contents in Moore's second

21  amended petition):

22       Claim 1: Counsel was ineffective during Moore's penalty phase.

23       Claim 2: Trial counsel was ineffective during the guilt phase.

24       Claim 3: The trial court should have severed the trial.

25       Claim 4: The trial court allowed inadmissible coconspirator statements.

26       Claim 5: The trial court prevented Moore from confronting Luckett.

27       Claim 6: The State suppressed exculpatory evidence and impeachment
         evidence related to Angela Saldana.

28

Claim 7: Prosecutorial misconduct: witness payments.

Claim 8: Prosecutorial misconduct: witness intimidation.

Claim 9: Prosecutorial misconduct: arguments.

Claim 10: Prosecutorial misconduct: Fifth Amendment.

Claim 11: Prosecutorial misconduct and trial error: co-defendant sentences.

Claim 12: Prosecutorial misconduct: intentional, severe, and pervasive.

Claim 13: The court improperly admitted irrelevant evidence that Moore practiced Satanism and was in a gang.

Claim 14: The third penalty phase court lacked jurisdiction.

Claim 15: A juror who did not adequately understand English sat on Moore's jury.

Claim 16: The trial court improperly inquired into penalty jurors' religious beliefs.

Claim 17: The trial court erroneously informed potential jurors that they must "equally consider" the death penalty along with other available sentences.

Claim 18: The trial court failed to conduct sufficient inquiry into juror misconduct during the penalty phase.

Claim 19: The trial court and Moore's trial counsel failed to remove a biased juror from Moore's penalty trial.

Claim 20: Moore's trial counsel failed to properly rehabilitate a juror.

Claim 21: Moore lacked notice of aggravators.

Claim 22: Great risk of death aggravator is invalid.

Claim 23: Reweighing aggravators was improper.

Claim 24: The *Kazalyn* instruction was unconstitutional.

Claim 25: Jury instructions: commutation instruction.

Claim 26: Jury instructions: anti-sympathy instruction.

Claim 27: Jury instructions: outweighing instruction.

Claim 28: Jury instructions: weighing equation.

Claim 29: Jury instructions: reasonable doubt.

Claim 30: Jury instructions: implied malice.

Claim 31: Jury instructions: equal and exact justice.

Claim 32: Jury instructions: guilt or innocence of another person instruction.

Claim 33: Jury instructions: prior consistent statements and limiting instructions.

Claim 34: Jury instructions: aiding and abetting.

Claim 35: ineffective assistance of counsel: direct appeal.

Claim 36: lethal injection violates the constitution.

Claim 37: elected judges and fair appellate review.

Claim 38: gruesome photographs.

Claim 39: Moore was [not] tried by an impartial tribunal.

Claim 40: Trial counsel and the trial court failed to ensure Moore was tried in a fair venue.

Claim 41: Absence during critical stages and unrecorded bench conference.

Claim 42: Black jurors were systematically excluded from Moore's jury.

Claim 43: Death penalty is cruel and unusual.

Claim 44: Nevada's clemency scheme is unconstitutional.

Claim 45: Death penalty is arbitrary and capricious.

Claim 46: The multiplicity of proceedings and time elapsed have deprived Moore of the opportunity for a fair trial and constitutes cruel and unusual punishment.

Claim 47: Cumulative error.

Claim 48: Robbery could not support felony murder in this case.

Claim 49: Penalty phase counsel suffered from a conflict of interest.

Claim 50: The State failed to provide adequate notice of its theories of first-degree murder.

Claim 51: Jury instructions: conspiracy.

Claim 52: Court required objections to be off the record.

Claim 53: The pecuniary gain aggravating circumstance is unconstitutional in this case.

*Id.*

Respondents filed their motion to dismiss on April 2, 2020. ECF No. 71. Moore filed an opposition (ECF No. 121), and Respondents filed a reply (ECF No. 132).

With his opposition to the motion to dismiss, Moore filed a motion for leave to conduct discovery (ECF No. 123) and a motion for evidentiary hearing (ECF No. 125). Those have been fully briefed as well.

III.    DISCUSSION

A.    Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the following statute of limitations applies to federal habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The petitioner is entitled to statutory tolling of the limitations period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

In this case, the AEDPA statute of limitations began to run when the United States Supreme Court denied Moore's petition for writ of certiorari on April 20, 1998.

*See Moore v. Nevada*, 523 U.S. 1083 (1998); 28 U.S.C. §244(d)(1)(A). The statute was tolled, under 28 U.S.C. § 2244(d)(2), from June 2, 1998, to October 15, 2012, while Moore's first state habeas action was pending. *See* ECF No. 16-12 at 4 (first state habeas petition, filed June 2, 1998); 113-3 (remittitur, issued October 15, 2012). 43 days ran against the limitations period from April 20, 1998, to June 2, 1998, and the remaining 322 days of the limitations period began running on October 15, 2012, and ran out on September 2, 2013. This means that Moore's original pro se petition in this action, filed April 18, 2013 (ECF No. 1), and his first amended habeas petition, filed August 7, 2013 (ECF No. 15) were timely filed under the statute of limitations, and that his second amended habeas petition, filed July 15, 2019 (ECF No. 59) was filed long after the expiration of the limitations period. This much is undisputed. *See* Motion to Dismiss (ECF No. 71), p. 23; Opposition to Motion to Dismiss (ECF No. 121), p. 8; *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (pendency of federal habeas corpus action does not toll AEDPA limitations period).

Therefore, for the most part (the few exceptions are discussed below), the timeliness of Moore's claims turns upon whether the claims in his second amended petition relate back to the filing of his original petition or his first amended petition. In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," but "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 664.

*Claim 1*. Respondents argue that Claim 1 is barred, in part, by the statute of limitations; Respondents make this argument with respect to the part of Claim 1 at pages 47 to 48 of the second amended petition, asserting that Moore's trial counsel, in his third penalty hearing, was ineffective for not making certain objections. *See* Second Amended Petition (ECF No. 59), pp. 47–48; Motion to Dismiss (ECF No. 71), p. 23. The

Court finds, however, that this part of Claim 1 shares a common core of operative fact with claims in Moore's first amended petition, and therefore relates back, under *Mayle*, to the filing of the first amended petition. *See* First Amended Petition (ECF No. 15), pp. 127–28, 153–54, 157–69, 173–213, 226–41, 245–46, 264–75, 296–322, 324–26, 337–42, 347–57. Claim 1 is not barred by the statute of limitations.

     *Claim 2*. Respondents argue that four parts of Claim 2 are barred by the statute of limitations: the claim of ineffective assistance of appellate counsel at page 132 of the second amended petition; the claim regarding counsel's failure to object to the conspiracy instruction, at page 157; the claim regarding counsel's failure to request an instruction on afterthought robbery, also at page 157; and the claim regarding counsel's failure to raise and support motions and objections, at pages 171 to 172. *See* Motion to Dismiss (ECF No. 71), p. 28. The Court finds that, with two exceptions, these claims relate back to Moore's first amended petition, and are not time-barred. *See* First Amended Petition (ECF No. 15), pp. 117–28, 287–89, 291–93, 296–322, 324–26, 343–48, 352–55. The two exceptions are the claim that trial counsel was ineffective for failing to object to the State's failure to provide adequate notice of its theories of first-degree murder, and the claim that trial counsel was ineffective for failing to request an instruction on after-thought robbery; those two parts of Claim 2 do not relate back to either Moore's original petition or his first amended petition and are barred by the statute of limitations.

     *Claim 3*. Respondents argue that part of Claim 3 is untimely, specifically, the part of the claim alleging ineffective assistance of trial counsel, in which Moore claims that his trial counsel was ineffective "for failing to seek severance on grounds specific to Moore rather than relying on the motions filed by counsel for the co-defendants." *See* Second Amended Petition (ECF No. 59), p. 175; Motion to Dismiss (ECF No. 71), p. 32. The Court finds that this claim relates back to Moore's first amended petition, and that Respondents' motion to dismiss the claim on statute of limitations grounds is without merit. *See* First Amended Petition (ECF No. 15), pp. 117–22.

*Claim 6.* Respondents argue that the part of Claim 6 based on *Napue v. Illinois*, 360 U.S. 264 (1959) (holding that a conviction obtained through use of false evidence, known to be such by representatives of the State, violates the defendant's constitutional right to due process of law) is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 34. The Court finds, however, that the *Napue* claim is based on the same core of operative facts as Claim 6 in Moore's first amended petition, and that it relates back to that petition. *See* First Amended Petition (ECF No. 15), pp. 129–52.

*Claim 7.* Respondents argue that the claim of ineffective assistance of counsel in Claim 7 is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), pp. 35–36. The Court finds, however, that the ineffective assistance of counsel claim shares a common core of operative facts with Claim 7 in Moore's first amended petition, and that it relates back to that petition. *See* First Amended Petition (ECF No. 15), pp. 153–54.

*Claim 11.* Respondents argue that the claim of ineffective assistance of counsel in Claim 11 of Moore's second amended petition is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 41. In his response, Moore argues that Claim 11 in his second amended petition shares a core of operative facts with Claim 11 in his first amended petition. *See* Opposition to Motion to Dismiss (ECF No. 121), p. 15. The Court agrees. While Moore added, in his second amended petition, ineffective assistance of counsel as a legal theory, the core operative facts alleged in Claim 11 were not changed. *Compare* Second Amended Petition (ECF No. 59), pp. 238–39, with First Amended Petition (ECF No. 15), pp. 171–72. An amendment that "invoked a legal theory not suggested by the original complaint" can relate back to an earlier complaint if it arises from the same "episode-in-suit." *Cf. Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). In the habeas context, this means that ineffective assistance of counsel claims can relate back to earlier substantive claims based on the same facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (claim that appellate counsel was ineffective for failing to raise double jeopardy claim related back to timely-asserted substantive double jeopardy claim),

*abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017). The ineffective

assistance of counsel claim in Claim 11 is not barred by the statute of limitations.

*Claim 14.* Respondents argue that the claim of ineffective assistance of counsel

in Claim 14 of Moore's second amended petition is barred by the statute of limitations.

Motion to Dismiss (ECF No. 71), p. 41. The Court determines, however, that this claim

relates back to Claim 14 in Moore's first amended petition. *See* First Amended Petition

(ECF No. 15), pp. 223–25.

*Claim 17.* Respondents argue that the claims of ineffective assistance of trial

counsel in Claim 17 of Moore's second amended petition are barred by the statute of

limitations. Motion to Dismiss (ECF No. 71), p. 46; *see also* Reply (ECF No. 132), p. 21.

However, the Court determines that these claims relate back to Claim 17 in Moore's first

amended petition. *See* First Amended Petition (ECF No. 15), pp. 231–34. That claim in

the first amended petition was based on the same core of operative facts as the claims

of ineffective assistance of counsel in Claim 17 of Moore's second amended petition;

this includes the claim that Moore's trial counsel was ineffective for not asking follow-up

questions of prospective juror Marten, as Claim 17 in Moore's first amended petition

specifically referenced the voir dire of that potential juror. *See id.* at 232.

*Claim 23.* Respondents argue that the part of Claim 23 of Moore's second

amended petition that claims Sixth and Fourteenth Amendment violations, and that cites

*Hurst v. Florida*, 136 S.Ct. 616 (2016) (*see* Second Amended Petition (ECF No. 59), pp.

336–43), is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 52.

The Court determines, however, that, while the first amended petition obviously does

not cite *Hurst*—the first amended petition was filed before *Hurst* was decided—Claim 23

of the first amended petition sets forth the same core of operative facts on which the

disputed portion of Claim 23 of the second amended petition is based. *See* First

Amended Petition (ECF No. 15), pp. 250–56. The part of Claim 23 that Respondents

move to dismiss on statute of limitations grounds relates back to the first amended

petition and is not time-barred.

*Claim* 26. Respondents argue that the claims of ineffective assistance of counsel in Claim 26 of Moore's second amended petition are barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 41. The Court determines, however, that this claim relates back to Claim 26 in Moore's first amended petition. See First Amended Petition (ECF No. 15), pp. 267–68.

*Claim 27*. Respondents argue that the claims of ineffective assistance of counsel in Claim 27 of Moore's second amended petition are barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 56. The Court finds that the core operative facts underlying this claim—that counsel was ineffective for not objecting that the jurors were not instructed to find beyond a reasonable doubt that the mitigating circumstances did not outweigh the aggravating circumstances—were not presented in Moore's first amended petition. However, Moore argues that this claim should not be barred by the statute of limitations because "the timeliness of this claim can be excused through *McQuiggin*'s innocence gateway." Opposition to Motion to Dismiss (ECF No. 121), p. 19. The Court determines that the question whether the untimely filing of this claim should be excused on grounds of actual innocence, under *Schlup v. Delo*, 513 U.S. 298 (1995), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013), will be better addressed in conjunction with the merits of Moore's claims, after Respondents file an answer, and Moore files a reply. The Court will deny the motion to dismiss based on the untimeliness of the claims of ineffective assistance counsel in Claim 27, without prejudice to Respondents reasserting their statute of limitations defense as to this claim in their answer.

*Claim 28*. Respondents argue that the claims of ineffective assistance of counsel in Claim 28 of Moore's second amended petition are barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 57. The Court determines, however, that this claim relates back to Claim 28 in Moore's first amended petition. See First Amended Petition (ECF No. 15), pp. 274–75.

*Claim 35.* In Claim 35 of his second amended petition, Moore asserts several claims of ineffective assistance of counsel on his direct appeal. Second Amended Petition (ECF No. 59), pp. 390–97. Respondents argue in their motion to dismiss that the following of those claims are barred by the statute of limitations: ineffective assistance of appellate counsel for failure to raise, on direct appeal, claims relative to Claims 5, 15, 16, 18, 21, 23, 36, 37, 38, 39, 40, 42, 43, 44, 45 and 46; and ineffective assistance of appellate counsel for failure to adequately support arguments relative to Claims 3, 4, 8, 9, 10, 11, 13, 14, 19, 20 and 22. Motion to Dismiss (ECF No. 71), p. 65. The Court determines, though, that all of these claims relate back to claims in the first amended petition. Each of these claims of ineffective assistance of appellate counsel relates back to the respective underlying claim set forth in the first amended petition. That is, Claims 3, 4, 5, 8, 9, 10, 11, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 36, 37, 38, 39, 40, 42, 43, 44, 45 and 46 of the first amended petition set forth the core operative facts on which the disputed claims in Claim 35 are based. The disputed claims in Claim 35 are not barred by the statute of limitations.

*Claim 36.* Respondents argue that parts D through G of Claim 36 of Moore's second amended petition are barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 69. The Court determines, however, that the disputed parts of this claim relate back to Moore's first amended petition; the core operative facts underlying parts D through G of Claim 36 are set forth in Claims 36, 43, 44 and 45 of Moore's first amended petition. See First Amended Petition (ECF No. 15), pp. 296–316, 347–55.

*Claim 37.* Respondents argue that the claims of ineffective assistance of counsel in Claim 37 of Moore's second amended petition are barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 71. The Court determines, however, that this claim relates back to Claim 37 in Moore's first amended petition. See First Amended Petition (ECF No. 15), pp. 317–22.

*Claim 48.* Respondents argue that Claim 48 is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 81. In Claim 48, Moore asserts that his federal

constitutional rights were violated because the trial court "failed to instruct the jury that robbery that occurred as an afterthought cannot support felony-murder," and because his trial counsel failed to request such an instruction. Second Amended Petition (ECF No. 59), pp. 481–82. There was no such claim in either Moore's original or first amended petition. *See* Petition for Writ of Habeas Corpus (ECF No. 1); First Amended Petition (ECF No. 15). Nor were the core operative facts underlying the claim—the lack of the afterthought robbery jury instruction—alleged in either the original or first amended petition. *See id.* Claim 48 does not relate back to a timely-filed petition and is barred by the statute of limitations.

*Claim 49.* Respondents argue that Claim 49 is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 81. The Court determines, however, that the core operative facts underlying this claim were set forth in Moore's timely first amended petition. *See* First Amended Petition (ECF No. 15), pp. 66–67. Therefore, Claim 49 relates back to the filing of the first amended petition and is not barred by the statute of limitations.

*Claim 50.* Respondents argue that Claim 50 is barred by the statute of limitations. Motion to Dismiss (ECF No. 71), p. 81. In Claim 50, Moore asserts that his federal constitutional rights were violated "because the State failed to provide notice that it was proceeding with a willful, premeditated, and deliberate theory of first-degree murder." Second Amended Petition (ECF No. 59), pp. 486–90. There was no such claim in either Moore's original or first amended petition. *See* Petition for Writ of Habeas Corpus (ECF No. 1); First Amended Petition (ECF No. 15). Nor were the core operative facts underlying the claim—the lack of sufficient notice that the State alleged a willful, premeditated, and deliberate theory of first-degree murder—alleged in either the original or first amended petition. *See id.* Claim 50 does not relate back to a timely-filed petition. Moore states in a conclusory manner that "the timeliness of this claim can be excused through the *McQuiggin*'s innocence gateway," but he provides no explanation how this claim, regarding a purely procedural matter—notice of the State's theory of first-degree

1    murder—could lead to a showing of actual innocence. The Court determines that Claim

2    50 is barred by the statute of limitations.

3          *Claim 51*. Respondents argue that Claim 51 is barred by the statute of limitations.

4    Motion to Dismiss (ECF No. 71), p. 81. The Court determines, however, that the core

5    operative facts underlying this claim were set forth in Moore's timely first amended

6    petition. See First Amended Petition (ECF No. 15), pp. 287–89. Therefore, Claim 51

7    relates back to the filing of the first amended petition and is not barred by the statute of

8    limitations.

9          *Claim 52*. Respondents argue that Claim 52 is barred by the statute of limitations.

10   Motion to Dismiss (ECF No. 71), p. 81. In Claim 52, Moore asserts that his federal

11   constitutional rights were violated because the trial court required objections to be made

12   off the record. Second Amended Petition (ECF No. 59), pp. 493–95. There was no such

13   claim in either Moore's original or first amended petition. *See* Petition for Writ of Habeas

14   Corpus (ECF No. 1); First Amended Petition (ECF No. 15). Nor were the core operative

15   facts underlying the claim—the procedure required by the trial court for objections—

16   alleged in either the original or first amended petition. *See id.* Moore argues that the

17   core operative facts underlying Claim 52 were included in Claim 41 of his timely first

18   amended petition, but that claim (which is also in Moore's second amended petition)

19   was different and was based on different facts. *See* First Amended Petition (ECF No.

20   15), pp. 337–42; *see also* Second Amended Petition (ECF No. 59), pp. 448–53. Claim

21   52 does not relate back to a timely-filed petition and is barred by the statute of

22   limitations.

23         *Claim 53*. Respondents argue that Claim 53 is barred by the statute of limitations.

24   Motion to Dismiss (ECF No. 71), p. 81. In Claim 53, Moore asserts that his federal

25   constitutional rights were violated because the pecuniary gain aggravating circumstance

26   was unconstitutional as applied in his case and because his trial counsel did not object

27   to it. Second Amended Petition (ECF No. 59), pp. 496–97. There was no such claim in

28   either Moore's original or first amended petition. *See* Petition for Writ of Habeas Corpus

(ECF No. 1); First Amended Petition (ECF No. 15). Nor were the core operative facts underlying the claim—the alleged constitutional infirmities of the pecuniary gain aggravating circumstance—alleged in either the original or first amended petition. *See id.* Claim 53 does not relate back to a timely-filed petition. However, Moore argues that, if both Claim 22 (claim that the great risk of death aggravator is invalid) and Claim 53 are meritorious, then there was not a valid aggravating circumstance to be applied by the jury and he is actually innocent of the death penalty. *See* Opposition to Motion to Dismiss (ECF No. 121), pp. 26–27, 117–18. The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations, and that the exception applies where a petitioner meets the rigorous actual innocence standard of *Schlup. McQuiggin*, 569 U.S. 383 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). With respect to establishing that he is actually innocent of the death penalty, Moore must demonstrate "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992); *see also Schlup*, 513 U.S. at 327 (recognizing the "clear and convincing" standard under *Sawyer* imposes a higher burden of proof than a showing of "more likely than not"). The *Sawyer* standard can be met by "showing that there was no aggravating circumstance or that some other condition of eligibility had not been met." *Sawyer*, 505 U.S. at 345. The Court determines that if Moore makes the required showing, under *Schlup* and *McQuiggin*, he might possibly overcome the statute of limitations defense regarding Claim 53. The Court further determines, however, that this issue is intertwined with the merits of Claim 53 (and Claim 22) and will be better addressed in conjunction with the merits of Moore's claims, after Respondents file an answer and Moore files a reply. The Court will deny the motion to dismiss based on the untimeliness of Claim 53, without prejudice to Respondents reasserting their statute of limitations defense as to this claim in their answer.

In sum, regarding the statute of limitations, the Court will grant Respondents' motion to dismiss on that ground with respect to:

> - the claim in Claim 2 that trial counsel was ineffective for failing to object to the State's failure to provide adequate notice of its theories of first-degree murder,

> - the claim in Claim 2 that trial counsel was ineffective for failing to request an instruction on after-thought robbery,

> - Claim 48,

> - Claim 50, and

> -  Claim 52.

Those claims will be dismissed. The Court will deny Respondents' motion to dismiss on statute of limitations grounds with respect to all other claims.

B.    Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before

you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. at 520).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate the state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). In light of the procedural history of this case, and, in particular, the rulings in Moore's second state habeas action, the Court determines that any claims not yet presented in state court would be ruled procedurally barred in state court if Moore were to return to state court to attempt to exhaust those claims. Therefore, the anticipatory default doctrine applies to any claims not yet presented in state court, and the Court considers those claims to be technically exhausted, but subject to the procedural default doctrine. *See Dickens*, 740 F.3d at 1317; *see also* Opposition to Motion to Dismiss (ECF No. 121), p. 29 ("At this point, if

Moore sought relief from the Nevada courts, his claims would be procedurally defaulted, and thus they would be technically exhausted.").

Therefore, the Court determines that all the claims in Moore's second amended petition are either exhausted or technically exhausted.

C.    Procedural Default

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). A discretionary state procedural rule can serve as an adequate ground

to bar federal habeas review because, even if discretionary, it can still be "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Also, a rule is not automatically inadequate "upon a showing of seeming inconsistencies" given that a state court must be allowed discretion "to avoid the harsh results that sometimes attend consistent application of an unyielding rule." *Walker v. Martin*, 562 U.S. 307, 320 (2011).

In *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id.* at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

The Ninth Circuit Court of Appeals has held Nev. Rev. Stat. § 34.810 to be inadequate to bar federal review in capital habeas cases. *See Valerio*, 306 F.3d at 778, *Petrocelli v. Angelone*, 248 F.3d 877, 888 (9th Cir. 2001), and *McKenna*, 65 F.3d at 1488–89. Moore's reference to these holdings is sufficient to place the adequacy of the bar in issue. The relevant dates in *McKenna* and *Petrocelli* were 1983 and 1985. *See McKenna*, 65 F.3d at 1487–88; *Petrocelli*, 248 F.3d at 886. The court in *Valerio* found that the bar was inadequate as of 1990. *Valerio*, 306 F.3d at 778. Respondents have "the burden of demonstrating that, since *Valerio*, state courts have begun to regularly and consistently apply § 34.810 to habeas cases." *Riley v. McDaniel*, 786 F.3d 719, 722 n.4 (9th Cir. 2015). *See also King v. LaMarque*, 464 F.3d 963, 967 (9th Cir. 2006). Respondents have not established the adequacy of § 34.810 as a procedural bar.

On the other hand, the Ninth Circuit Court of Appeals has held Nev. Rev. Stat. §§ 34.726 and 34.800 to be adequate to support application of the procedural default doctrine. *See Williams v. Filson*, 908 F.3d 546, 579–80 (9th Cir. 2018); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); *Valerio*, 306 F.3d at 778; *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000). *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996). Moore does not place the adequacy of those rules at issue. Accordingly, this court concludes that Nev. Rev. Stat. §§ 34.726 and 34.800 are adequate to support application of the procedural default doctrine in this case.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The Court described "initial-review collateral

1  proceedings" as "collateral proceedings which provide the first occasion to raise a claim

2  of ineffective assistance at trial." *Id.* at 8.

3      Beyond the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810, the

4  Court will not, in this order, address the remainder of the issues raised by the parties

5  concerning the alleged procedural default of Moore's claims. The question of prejudice,

6  in the cause and prejudice analysis regarding any alleged procedural defaults in this

7  case, is intertwined with the question of the merits of the particular claims, such that

8  those issues will be better addressed in conjunction with the merits, after Respondents

9  file an answer and Moore a reply. Furthermore, it appears that, following the Court's

10  ruling in this order regarding the question of the exhaustion of Moore's claims, further

11  briefing of the procedural default issues in the parties' answer, reply, and response to

12  reply, will be beneficial. The Court will, therefore, decline to address the procedural

13  default issues raised by this motion—other than the question of the adequacy of NRS

14  §§ 34.726, 34.800, and 34.810. The Court will deny Respondents' motion to dismiss, to

15  the extent it is made on procedural default grounds, without prejudice to Respondents

16  asserting their procedural default defense in their answer.

17      The parties' further briefing regarding the alleged procedural default of Moore's

18  claims—in Respondents' answer, Moore's reply, and Respondents' response to the

19  reply—should, as to each claim allegedly procedurally defaulted, explain if, when, and

20  where that claim, or a similar or related claim, was asserted in state court, and explain

21  whether the claim was ruled procedurally barred in state court, so as to result in the

22  procedural default of the claim in this action. This analysis should be set forth—in a

23  clear, understandable manner—for each separate claim allegedly procedurally

24  defaulted. The parties' further briefing must, of course, also address the merits of each

25  of Moore's remaining claims.

26      D.    Ripeness and Cognizability of Claims

27      Respondents argue in their motion to dismiss that certain of Moore's claims are

28  unripe or not cognizable in this federal habeas corpus action. *See* Motion to Dismiss

(ECF No. 71). The Court determines that these issues, too, are intertwined with the question of the merits of Moore's claims, such that they will be better addressed in conjunction with the merits, after Respondents file and answer and Moore files a reply. The Court will deny Respondents' motion to dismiss, to the extent it is made on ripeness or cognizability grounds, without prejudice to Respondents asserting those arguments in their answer.

E.      Motion for Leave to Conduct Discovery

Moore seeks discovery regarding Claim 6 and in support of his argument that he can show cause and prejudice relative to the alleged procedural defaults. *See* Motion for Leave to Conduct Discovery (ECF No. 123). The Court denies Respondents' motion to dismiss as to Claim 6 and with respect to the procedural default issues. The Court will deny the motion for leave to conduct discovery. Moore may file a new motion for discovery, if factually and legally justified, in conjunction with his reply to Respondents' answer, as contemplated in the scheduling order entered February 5, 2019 (ECF No. 51).

F.      Motion for Evidentiary Hearing

Moore requests an evidentiary hearing regarding Claim 6 and regarding the question whether he can show cause and prejudice relative to the alleged procedural defaults. The Court denies the motion to dismiss with respect to Claim 6 without need for an evidentiary hearing, and the Court declines to address the procedural default issues on this motion. Therefore, an evidentiary hearing is unwarranted at this time, and Moore's motion for an evidentiary hearing will be denied. Moore may file a new motion for an evidentiary hearing, if factually and legally justified, in conjunction with his reply to Respondents' answer, as contemplated in the scheduling order entered February 5, 2019 (ECF No. 51).

///

///

///

IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 71) is **GRANTED IN PART AND DENIED IN PART**. The following claims in Petitioner's second amended habeas petition are dismissed as barred by the statute of limitations: the claim in Claim 2 that trial counsel was ineffective for failing to object to the State's failure to provide adequate notice of its theories of first-degree murder; the claim in Claim 2 that trial counsel was ineffective for failing to request an instruction on after-thought robbery; Claim 48; Claim 50; and Claim 52. In all other respects, Respondents' Motion to Dismiss is denied. This order is without prejudice to Respondents asserting the defenses of procedural default, ripeness, and/or cognizability, in response to any claim, in their answer. This order is also without prejudice to Respondents asserting the statute of limitations defense, in response to Claims 27 and 53, in their answer.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall, within 120 days from the date of this order, file an answer, responding to the remaining claims in Petitioner's second amended habeas petition. The time for Petitioner to file a reply to Respondents' answer, as set forth in the February 5, 2019, scheduling order (ECF No. 51), will be extended to 120 days. In all other respects, the schedule for further proceedings set forth in the February 5, 2019, scheduling order (ECF No. 51), will remain in effect.

DATED  February 26, 2021.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE

24