UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDOLPH L. MOORE,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 2:13-cv-00655-JCM-DJA

ORDER

    In this capital habeas corpus action, the Court ruled on Respondents' motion to dismiss (ECF No. 71) on February 26, 2021. *See* Order entered February 26, 2021 (ECF No. 139). On March 4, 2021, the petitioner, Randolph L. Moore, represented by appointed counsel, filed a motion for reconsideration of the order resolving the motion to dismiss (ECF No. 140). Respondents filed an opposition to that motion on March 18, 2021 (ECF No. 141), and Moore filed a reply on March 23, 2021 (ECF No. 142). The Court will deny Moore's motion for reconsideration and will reset the deadline for Respondents to file an answer.

    A district court possesses "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Moore's motion for reconsideration focuses on Part IIIC of the February 26, 2021 order, which concerns application of the procedural default doctrine, and which is as follows:

### C.    Procedural Default

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested—or, in the case of a technically exhausted claim, would rest—on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court* (*Bean*), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). A discretionary state procedural rule can serve as an adequate ground to bar federal habeas review because, even if discretionary, it can still be "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Also, a rule is not automatically inadequate "upon a showing of seeming inconsistencies" given that a state court must be allowed discretion "to avoid the harsh results that sometimes attend

consistent application of an unyielding rule." *Walker v. Martin*, 562 U.S. 307, 320 (2011).

In *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id.* at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

The Ninth Circuit Court of Appeals has held Nev. Rev. Stat. § 34.810 to be inadequate to bar federal review in capital habeas cases. *See Valerio*, 306 F.3d at 778, *Petrocelli v. Angelone*, 248 F.3d 877, 888 (9th Cir. 2001), and *McKenna*, 65 F.3d at 1488–89. Moore's reference to these holdings is sufficient to place the adequacy of the bar in issue. The relevant dates in *McKenna* and *Petrocelli* were 1983 and 1985. *See McKenna*, 65 F.3d at 1487–88; *Petrocelli*, 248 F.3d at 886. The court in *Valerio* found that the bar was inadequate as of 1990. *Valerio*, 306 F.3d at 778. Respondents have "the burden of demonstrating that, since *Valerio*, state courts have begun to regularly and consistently apply § 34.810 to habeas cases." *Riley v. McDaniel*, 786 F.3d 719, 722 n.4 (9th Cir. 2015). *See also King v. LaMarque*, 464 F.3d 963, 967 (9th Cir. 2006). Respondents have not established the adequacy of § 34.810 as a procedural bar.

On the other hand, the Ninth Circuit Court of Appeals has held Nev. Rev. Stat. §§ 34.726 and 34.800 to be adequate to support application of the procedural default doctrine. *See Williams v. Filson*, 908 F.3d 546, 579–80 (9th Cir. 2018); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); *Valerio*, 306 F.3d at 778; *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000). *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996). Moore does not place the adequacy of those rules at issue. Accordingly, this court concludes that Nev. Rev. Stat. §§ 34.726 and 34.800 are adequate to support application of the procedural default doctrine in this case.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause,

to overcome the procedural default of a claim of ineffective assistance of trial counsel. In *Martinez*, the Supreme Court noted that it had previously held, in *Coleman*, that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse a procedural default. *Martinez*, 566 U.S. at 15. The *Martinez* Court, however, "qualif[ied] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Court described "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 8.

Beyond the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810, the Court will not, in this order, address the remainder of the issues raised by the parties concerning the alleged procedural default of Moore's claims. The question of prejudice, in the cause and prejudice analysis regarding any alleged procedural defaults in this case, is intertwined with the question of the merits of the particular claims, such that those issues will be better addressed in conjunction with the merits, after Respondents file an answer and Moore a reply. Furthermore, it appears that, following the Court's ruling in this order regarding the question of the exhaustion of Moore's claims, further briefing of the procedural default issues in the parties' answer, reply, and response to reply, will be beneficial. The Court will, therefore, decline to address the procedural default issues raised by this motion—other than the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810. The Court will deny Respondents' motion to dismiss, to the extent it is made on procedural default grounds, without prejudice to Respondents asserting their procedural default defense in their answer.

The parties' further briefing regarding the alleged procedural default of Moore's claims—in Respondents' answer, Moore's reply, and Respondents' response to the reply—should, as to each claim allegedly procedurally defaulted, explain if, when, and where that claim, or a similar or related claim, was asserted in state court, and explain whether the claim was ruled procedurally barred in state court, so as to result in the procedural default of the claim in this action. This analysis should be set forth—in a clear, understandable manner—for each separate claim allegedly procedurally defaulted. The parties' further briefing must, of course, also address the merits of each of Moore's remaining claims.

Order entered February 26, 2021 (ECF No. 139), pp. 17–22.

In his motion for reconsideration, Moore first argues that the Court overlooked his arguments that Nev. Rev. Stat. §§ 34.726 and 34.800 are not adequate to support application of the procedural default doctrine. Motion for Reconsideration (ECF No. 140), pp. 2–3. Moore points to the following language in the order:

Moore does not place the adequacy of those rules at issue. Accordingly, this court concludes that Nev. Rev. Stat. §§ 34.726 and 34.800 are adequate to support application of the procedural default doctrine in this case.

Order entered February 26, 2021 (ECF No. 139), p. 21. Moore argues that this passage indicates that the Court did not consider his argument that Nev. Rev. Stat. §§ 34.726 and 34.800 are inadequate. This is a misreading of the order. The Court recognized Moore's argument that Sections 34.726 and 34.800 are inadequate. However, applying the burden-shifting analysis prescribed by the court of appeals in *Bennett*, and phrasing its ruling in the terms used in *Bennett*, this Court ruled that Moore did not meet his burden of proof—he did not "place the adequacy of those rules at issue." Order entered February 26, 2021 (ECF No. 139), p. 21. In short, the Court did not overlook Moore's argument.

Moore also contends in his motion for reconsideration that the February 26, 2021, order "is unclear as to whether it considered Moore's argument that the Nevada Supreme Court did not clearly and expressly apply Nev. Rev. Stat. §§ 34.726 & 34.800 to his claims or whether the Court deems this argument more appropriate for consideration after additional briefing." Motion for Reconsideration (ECF No. 140), pp. 3–5. The February 26, 2021 order makes clear that, with respect to Respondents' procedural default defense, the Court ruled only on the issue of the adequacy of Nev. Rev. Stat. §§ 34.726, 34.800 and 34.810. *See* Order entered February 26, 2021 (ECF No. 139), p. 22, lines 3–5 ("Beyond the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810, the Court will not, in this order, address the remainder of the issues raised by the parties concerning the alleged procedural default of Moore's claims."), and lines 12–14 ("The Court will, therefore, decline to address the procedural default issues raised by this motion—other than the question of the adequacy of NRS §§ 34.726, 34.800, and 34.810."). The Court did not rule on the question whether the Nevada Supreme Court clearly and expressly applied Sections 34.726 and 34.800 to his claims; the Court will rule on that issue in conjunction with the merits of Moore's claims, after Respondents file an answer and Moore files a reply.

1       **IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF

2 No. 140) is **DENIED**.

3       **IT IS FURTHER ORDERED** that Respondents shall, within 120 days from the

4 date of this order, file an answer, responding to the remaining claims in Petitioner's

5 second amended habeas petition. The time for Petitioner to file a reply to Respondents'

6 answer, as set forth in the February 5, 2019, scheduling order (ECF No. 51), will be

7 extended to 120 days. In all other respects, the schedule for further proceedings set

8 forth in the February 5, 2019, scheduling order (ECF No. 51), will remain in effect.

9

10       DATED April 12, 2021.

11

12

13       JAMES C. MAHAN,
      UNITED STATES DISTRICT JUDGE