UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDOLPH L. MOORE,

    Petitioner,

    v.

JEREMY BEAN, *et al.*,

    Respondents.

Case No. 2:13-cv-00655-JCM-DJA

ORDER

I.     SUMMARY

This action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by Randolph L. Moore, a Nevada prisoner sentenced to death represented by appointed counsel. On August 25, 2025, this Court denied Moore habeas corpus relief but granted Moore a certificate of appealability on three issues. ECF No. 184. Judgment was entered on that same date. ECF No. 185.

Moore moves to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e). ECF No. 186. In his motion, Moore argues that the Court should reconsider and amend its judgment with respect to several issues, or, alternatively, expand the certificate of appealability to include those issues. Respondents filed an opposition to the motion, and Moore filed a reply. ECF Nos. 196, 199. For the reasons discussed below, the Court grants the motion in part and denies it in part. The Court expands the certificate of appealability, as is explained below, and orders the judgment amended accordingly. In all other respects, the motion is denied.

II.    LEGAL STANDARD

Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*,

1

759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted)). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Id*. (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) and *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted) (emphasis in original)).

III.    DISCUSSION

Moore first argues that the Court erred in its August 25, 2025, order, in ruling that the Nevada Supreme Court clearly and unambiguously applied Nev. Rev. Stat. §§ 34.726 and 34.800 to bar certain of his claims. ECF No. 186 at 4–7. The ruling that Moore takes issue with is the following:

> With respect to the question of the independence of the procedural bars under Nev. Rev. Stat. §§ 34.726 and 34.800 applied by the Nevada Supreme Court to bar consideration of claims in Moore's second state habeas action, Moore argues that the Nevada Supreme Court's ruling was ambiguous because the court did not specify which claims were barred for which reasons. *See*, *e.g.*, ECF No. 166 at 224–28. The Court rejects this argument. The Nevada Supreme Court ruled that "*the petition was untimely filed*," and therefore barred by Nev. Rev. Stat. § 34.726, plainly referring to the entire petition. [*Moore v. State*, 134 Nev. 262, 263, 417 P.3d 356, 359 (2018)] (emphasis added). The court also applied the laches bar of Nev. Rev. Stat. § 34.800 to the entire petition. *Id*. There was no ambiguity.

ECF No. 184 at 14. Moore repeats arguments that he has made at least twice before, in his opposition to the respondents' motion to dismiss and in his reply to the respondents' answer. *See* ECF No. 186 at 3, lines 11–12. Moore does not show the Court's ruling to be clearly erroneous. The Court does not alter this ruling on this issue. However, the Court determines that jurists of reason could find this issue debatable, so the Court expands the certificate of appealability to include this issue.

Next, Moore argues that the Court erred in its February 26, 2021, order resolving the respondents' motion to dismiss (ECF No. 139), in ruling that Nev. Rev. Stat. § 34.800—Nevada's laches rule—was adequate to bar federal review of certain of his claims. ECF No. 186 at 7–8. The ruling Moore places at issue here is the following:

Case 2:13-cv-00655-JCM-DJA   Document 200   Filed 04/17/26   Page 3 of 10

> … [T]he Ninth Circuit Court of Appeals has held Nev. Rev. Stat. §§ 34.726 and 34.800 to be adequate to support application of the procedural default doctrine. *See Williams v. Filson*, 908 F.3d 546, 579–80 (9th Cir. 2018); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); [*Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002)]; *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000)[;] *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996). Moore does not place the adequacy of those rules at issue. Accordingly, this court concludes that Nev. Rev. Stat. §§ 34.726 and 34.800 are adequate to support application of the procedural default doctrine in this case.

ECF No. 139 at 21. Moore does not show the Court to have committed clear error in this regard; the Court will not alter this ruling. However, here again, the Court determines that jurists of reason could find this procedural issue debatable, so the Court will expand the certificate of appealability to include this issue.

Moore's next contention is that the Court failed to address his argument that the Nevada Supreme Court's application of state-law procedural bars in his second state habeas action, to bar claims in Claim 1, was not independent of federal law because the Nevada Supreme Court considered the performance of his trial counsel in determining whether his state post-conviction counsel was ineffective for not raising certain claims of ineffective assistance of trial counsel. ECF No. 186 at 8–10. But plainly, the Nevada Supreme Court's analysis that Moore refers to, which is at *Moore v. State*, 134 Nev. 262, 266–68, 417 P.3d 356, 361–62 (2018), was conducted to determine whether Moore showed good cause to overcome procedural bars under *Crump v. Warden*, 113 Nev. 293, 304–05, 934 P.2d 247, 253 (1997). In *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996), the Ninth Circuit Court of Appeals addressed this issue:

> In the present case, the Nevada Supreme Court clearly stated that its dismissal of Moran's appeal was based on procedural grounds. Although the Nevada Supreme Court discussed the merits of Moran's claims, the court clearly stated that "any discussion of the merits of any of [Moran's] claims in this case is strictly for the purpose of demonstrating that [Moran] cannot overcome his procedural defaults by a showing of cause and prejudice." We conclude, therefore, that the Nevada Supreme Court clearly rested its dismissal of Moran's petition on independent state procedural grounds.

*Moran*, 80 F.3d at 1269. In view of *Moran*, this Court's ruling was not clearly erroneous, and the Court will not alter it. Here too, though, the Court determines that jurists of reason could find this issue debatable, so the Court expands the certificate of appealability to include it.

Next, Moore argues that the Court should reconsider its denial of his claims, in Claims 2 and 3, that the trial court violated *Bruton v. United States*, 391 U.S. 123 (1968) by failing to sever his trial from his codefendants' trials, and that his trial counsel was ineffective for failing to effectively advocate for such severance. ECF No. 186 at 10–12. The Court denied these claims as procedurally defaulted.

Regarding the substantive claim—the claim in Claim 3 that the trial court unconstitutionally denied severance—Moore challenges the following ruling in the Court's August 25, 2025, order:

> In Claim 3, Moore claims that his federal constitutional rights were violated because the trial court denied the defendants' motion to sever. ECF No. 59 at 190–97.
>
> Moore asserted a similar claim on his initial direct appeal. ECF No. 16-2 at 17–22. However, there, Moore made no mention of any violation of his federal constitutional rights. *Id*. Moore's claim on his direct appeal was that the trial court abused its discretion under Nevada statutory law, primarily Nev. Rev. Stat. § 174.165 and § 48.045. In that claim Moore did cite two federal cases, as follows:
>
>> In determining whether to grant severance, a Court must balance the possibility of prejudice to the defendant against the government's interest in judicial economy. *United States v. Sudderth*, 681 F.2d 990 (5th Cir. 1982). This balancing is entrusted to the sound discretion of the trial court but a decision not to sever will be overruled if an abuse of discretion is found. *Id*. In order to demonstrate abuse, the defense must show that a denial of severance caused defendant to suffer compelling prejudice. *Id*.; *see also, United States v. [Marszalkowski]*, 669 F.2d 655 (11th Cir. 1982). The Nevada Supreme Court has held that a defendant is entitled to severance where evidence introduced as to one defendant will be prejudicial to a co-defendant. *White v. State*, 83 Nev. 292, 429 P.2d 55 (1967); *Anderson v. State*, 81 Nev. 477, 406 P.2d 532 (1966).
>
> ECF No. 16-2 at 17–18. But neither *Sudderth* nor *Marszalkowski* involved a claimed violation of a constitutional right; the issue in both cases was whether the trial court abused its discretion. *See Sudderth*, 681 F.2d at 996; *Marszalkowski*, 669 F.2d at 659–61. Moore's citation of *Sudderth* and

> *Marszalkowski* was not such as to alert the Nevada Supreme Court "to the fact that [he was] asserting claims under the United States Constitution." *See* [*Duncan v. Henry*, 513 U.S. 364, 365 (1995)]. Moore did not give the Nevada Supreme Court a fair opportunity to act on his federal constitutional claims. *See* [*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)]. This claim was not exhausted on Moore's initial direct appeal.
>
> Moore presented this claim on the appeal in his second state habeas action. ECF No. 60-1 at 158–59. But that action was ruled procedurally barred. *Moore*, 134 Nev. 262, 417 P.3d 356 (2018).
>
> Therefore, this claim is procedurally defaulted. Moore makes no showing to overcome the procedural default. The substantive portion of Claim 3 is denied as procedurally defaulted.

ECF No. 184 at 35–36. Moore argues that this ruling was in error; he claims that, on his initial direct appeal, he did actually claim that the failure to sever violated his federal constitutional rights. But in that argument, Moore points to a different claim in his opening brief on the appeal, in which he happened to mention *Bruton*, that being a claim that "the trial court committed reversible error when it admitted the out of court statements of co-defendants under the co-conspirator exception to the hearsay rule." That citation to *Bruton* was in a claim that was about evidentiary rulings, not severance, and that, at any rate, did not itself advance a federal constitutional claim. *See* ECF No. 186 at 11; ECF No. 16-2 at 23–27. In order to properly exhaust a claim in state court, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Moore did not do so with respect to the substantive claim in Claim 3. He did not give the Nevada Supreme Court fair notice that he meant to raise a federal constitutional claim regarding the denial of severance. The claim was therefore procedurally defaulted. Moore does not show this Court's ruling to be clearly erroneous, or that the issue warrants a certificate of appealability.

Regarding the claim of ineffective assistance of trial counsel related to Claim 3, the Court ruled:

Moore asserts a claim of ineffective assistance of his trial counsel relative to Claim 3; that is, he claims that his trial counsel was ineffective for not effectively advocating for severance. ECF No. 59 at 192; *see also id*. at 188–89. Moore raised this claim on the first appeal in his first state habeas action. ECF No. 17-3 at 26. The Nevada Supreme Court rejected the claim. ECF No. 17-7 at 9–10. Moore does not show—does not attempt to show in fact (*see* ECF No. 166 (Moore's reply))—that the Nevada Supreme Court's denial of the claim was contrary to, or an unreasonable application of, Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence. Applying the AEDPA [Antiterrorism and Effective Death Penalty Act] standard of review, the Court denies this claim of ineffective assistance of trial counsel.

ECF No. 184 at 35–36. Moore does not show this ruling to be clearly erroneous, and he does not show that the issue warrants a certificate of appealability.

Moore's next argument is that the Court erred in denying him relief on Claim 6. ECF No. 186 at 12–14. Claim 6 is a claim, under *Brady v. Maryland*, 373 U.S. 83 (1963), that the State suppressed exculpatory and impeachment evidence related to witness Angela Saldana. *See* ECF No. 59 at 206–33. The Court denied Moore relief on the merits of the claim, affording the state-court's ruling on the claim the deference required under 28 U.S.C. § 2254(d) (the standard of review prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA)). ECF No. 184 at 39–43. The Nevada Supreme Court ruled that the allegedly withheld evidence was not material. *See Moore*, 134 Nev. at 263–66, 417 P.3d at 359–60. This Court determined that "it is arguable by fairminded jurists that, considering the evidence of Moore's guilt presented at trial, 'Saldana's secondhand testimony was not a crucial part of the State's case,' and was not material." ECF No. 184 at 43 (quoting the Nevada Supreme Court's ruling at *Moore*, 134 Nev. at 265, 417 P.3d at 360). Moore does not show the Court's ruling to be clearly erroneous, and he does not show that the issue warrants a certificate of appealability.

Next, Moore argues that the Court erred in denying him relief on the portion of Claim 10 in which he claims a prosecutor violated his constitutional rights in the guilt phase of his trial by commenting on his silence. ECF No. 186 at 14–18. That part of Claim 10, in its entirety, is as follows:

> During guilt phase closing arguments, Seaton [the prosecutor] commented on the failure of some defendants, including Moore, to take the stand by saying, "No one has taken the stand in this case that I remember, no one has taken the stand and said, 'Wait a minute. Those people are lying.'" [ECF No. 86-1 at 26.]

ECF No. 59 at 254. The Court denied this claim on its merits. ECF No. 184 at 51–54. The Court determined that the claim was denied on its merits, without analysis, by the Nevada Supreme Court, so the Court applied the AEDPA standard of review, as instructed in *Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). *Id*. at 53–54. Moore argues that the Nevada Supreme Court did provide an explanation for its ruling— in its opinion at *Flanagan v. State*, 104 Nev. 105, 754 P.2d 836 (1988). ECF No. 186 at 14–15. However, in that *Flanagan* opinion there is no mention or analysis of the comment of the prosecutor that is the subject of Claim 10. *See Flanagan*, 104 Nev. at 107, 111; 754 P.2d at 837, 839–40. There plainly was no analysis the claim there. This Court correctly understood the claim to be denied by the Nevada Supreme Court without analysis. Moore does not show the Court's ruling to be clearly erroneous, and he does not show that the issue warrants a certificate of appealability.

Next, Moore argues that the Court erred in denying him relief on Claim 39, in which he claims judicial bias—that he was not tried by an impartial tribunal. ECF No. 186 at 18–20; *see also* ECF No. 59 at 450–52. This Court denied that claim as procedurally defaulted. ECF No. 184 at 112. Moore does not show that ruling to be clearly erroneous, or to warrant a certificate of appealability.

Moore also appears to argue that the Court erred in denying his related claim of ineffective assistance of trial counsel, that is, his claim that his trial counsel was ineffective for failing to object to being tried by "a biased judge," which claim was asserted in Claims 1 and 39. *See* ECF No. 59 at 64–65, 450–52. The Court denied that claim of ineffective assistance of counsel claim as procedurally defaulted (ECF No. 184

at 112), and Moore does not show that ruling to be clearly erroneous or to warrant a certificate of appealability.

In this part of his motion, Moore discusses a separate claim of ineffective assistance of trial counsel, his Claim 2M (ECF No. 59 at 179–83), in which he asserts that his trial counsel was ineffective for failing to object to a requirement at the guilt phase of his trial that defense counsel make a record of their objections outside the presence of the jury. *See* ECF No. 186 at 20. In the August 25, 2025, order, the Court noted that the substantive claim related to Claim 2M (Claim 52, ECF No. 59 at 510–12) was dismissed as barred by the statute of limitations, but the Court did not address the claim of ineffective assistance of trial counsel in Claim 2M itself. *See* ECF No. 184 at p. 28 n.26 and p. 124. The Nevada Supreme Court ruled as follows on the claim of ineffective assistance of trial counsel in Claim 2M:

> … Moore contended that the district court erroneously denied his claim that counsel was ineffective for not challenging the district court's direction that defense objections and motions be made to the court reporter and outside his and the jury's presence. In an effort to streamline anticipated frequent objections related to severance matters, Judge Donald M. Mosley instructed all defense counsel to either wait until there was a break in the trial to raise an objection or ask the district court for leave to approach the court reporter and inform her of the nature of the objection counsel desired to be recorded. Although we conclude that Moore failed to demonstrate prejudice resulting from counsel's failure to object to this procedure, we express our disapproval of the district court's procedure in this regard. Parties are required to assert contemporaneous objections to preserve alleged errors for appellate review. [Footnote: *Sullivan v. State*, 115 Nev. 383, 387 n.3, 990 P.2d 1258, 1260 n.3 (1999).] Judge Mosley's unusual procedure frustrated the defense's ability to comply with this fundamental rule of appellate review. Additionally, it precluded the defense from securing any cautionary instructions to the jury should such instructions become necessary during the course of the trial. Therefore, we caution the district court to refrain from employing such practices that may impede a party's ability to comply with elemental rules of trial and appellate practice.

ECF No. 17-7 at 13–14. Applying the AEDPA standard of review, the Court determines that this ruling by the Nevada Supreme Court was reasonable—Moore does not show prejudice stemming from the procedure imposed by the trial court regarding the defendants' objections and motions. Habeas relief is unwarranted here, as is a certificate of appealability. Amendment of the judgment is unnecessary with respect to this claim.

8

V.      CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Alter or Amend Judgment (ECF No. 186) is **GRANTED IN PART AND DENIED IN PART**. The Court expands the certificate of appealability as specified below; in all other respects the Motion to Alter or Amend Judgment is denied.

**IT IS FURTHER ORDERED** that the certificate of appealability is expanded to include additional issues. As expanded, the certificate of appealability is granted with respect to the following issues:

- Whether the statute of limitations bar of Nev. Rev. Stat. § 34.726, as applied by the Nevada Supreme Court to bar claims in Moore's second state habeas action, was adequate to support application of the procedural default doctrine to those barred claims in this case.

- Whether new evidence—evidence Moore did not present in state court until his second state habeas action—is admissible in support of Claims 1a, 1b, 1c, 2b and 15.

- Whether habeas corpus relief is warranted on any part of Claim 13.

- Whether the Nevada Supreme Court clearly and unambiguously applied Nev. Rev. Stat. §§ 34.726 and 34.800 to bar certain of his claims in Moore's second state habeas action.

- Whether Nev. Rev. Stat. § 34.800 was adequate to bar federal review of Moore's claims in his second state habeas action.

- Whether, in Moore's second state habeas action, the Nevada Supreme Court's application of state-law procedural rules to bar claims in Claim 1 was independent of federal law.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter an amended judgment. The amended judgment should be as follows:

IT IS ORDERED AND ADJUDGED

JUDGMENT is entered in favor of Respondents, Jeremy Bean and Aaron Ford, and against Petitioner, Randolph L Moore. Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 59) is DENIED.

A certificate of appealability is granted with respect to the following issues:

- Whether the statute of limitations bar of Nev. Rev. Stat. § 34.726, as applied by the Nevada Supreme Court to bar claims in Moore's second state habeas action, was adequate to support application of the procedural default doctrine to those barred claims in this case.

9

- Whether new evidence—evidence Moore did not present in state court until his second state habeas action—is admissible in support of Claims 1a, 1b, 1c, 2b and 15.

- Whether habeas corpus relief is warranted on any part of Claim 13.

- Whether the Nevada Supreme Court clearly and unambiguously applied Nev. Rev. Stat. §§ 34.726 and 34.800 to bar certain of his claims in Moore's second state habeas action.

- Whether Nev. Rev. Stat. § 34.800 was adequate to bar federal review of Moore's claims in his second state habeas action.

- Whether, in Moore's second state habeas action, the Nevada Supreme Court's application of state-law procedural rules to bar claims in Claim 1 was independent of federal law.

With respect to all other issues, the Court denies Petitioner a certificate of appealability

**IT IS FURTHER ORDERED** that, as reasonable jurists would not find the rulings in this order to be debatable or wrong, the Court denies Petitioner a certificate of appealability with respect to this order.

DATED April 17, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

10